NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 22, 2015*
Decided September 25, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-2516<br><br>JOSE BANKS,<br>　　*Plaintiff-Appellant,*<br><br>　　　*v.*<br><br>UNITED STATES OF AMERICA,<br>　　*Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14 C 3836<br>Elaine E. Bucklo, *Judge*. |

**Order**

Jose Banks escaped from the Metropolitan Correctional Center in Chicago, where he had been confined pending his sentencing for bank robbery. After being captured, Banks filed this suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, contending that the United States was negligent in allowing him to escape. (Banks's complaint also named approximately 70 federal employees, but none was served with process. The United States itself is the only proper defendant under the FTCA, so we omit the

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

individual defendants from the caption and do not discuss them further.) The district court screened the complaint and dismissed it as frivolous. The judge also denied Banks's motion to file an amended complaint.

While this suit was on appeal, Banks was sentenced, and his sentence was enhanced (for obstruction of justice) on account of the escape. The United States now asks us to hold that the suit is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Banks's contentions are incompatible with the validity of his sentence. It is not clear to us that *Heck* applies to sentence enhancements as opposed to convictions. Nor is it clear that there is any inconsistency. Banks contends in this suit that the United States should have done more to prevent his escape, but even walking away from an unguarded compound can constitute the crime of escape. Indeed, because escape is a continuing offense, it can be committed by failure to return to prison following a departure. See *United States v. Bailey*, 444 U.S. 394 (1980). At all events, Banks filed and lost this suit before he was sentenced for the bank robberies. The suit was not premature when filed or decided, and it would be perverse to use Banks's subsequent sentencing to give him another shot at a tort suit some years in the future.

On the merits, the district court was right: This suit is frivolous. No one has a personal right to be better guarded or more securely restrained, so as to be unable to commit a crime. Cf. *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989); *Hoffa v. United States*, 385 U.S. 293, 310 (1966) ("There is no constitutional right to be arrested."). And even if there were such a right, choosing the tradeoff between security and cost of incarceration is a discretionary function outside the scope of the FTCA. See 28 U.S.C. §2680(a). Banks gets credit for chutzpah, but that is not a basis of damages. The proposed amended complaint was as frivolous as the original, and the district court properly declined to entertain it.

Both the suit and the appeal count as "strikes" for the purpose of 28 U.S.C. §1915(g). We give Banks 14 days to show cause why we should not impose sanctions for this frivolous appeal. See Fed. R. App. P. 38.